UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NINA COLON,

        Plaintiff,

v.                               Case No.:  6:26-cv-00488-CEM-NWH

JESSICA SCOTT,

        Defendant.

---

### ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **Motion for Clerk's Default against Jessica Scott (Doc. 18, the "Motion")**
>
> **FILED:**     **June 22, 2026**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice, Plaintiff's Deadline to Serve Jessica Scott is extended to August 14, 2026**.

### STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no

jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007).

Federal Rule of Civil Procedure 4(e) provides that service on an individual may be perfected by:

> (1)   following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)   doing any of the following:
>
>> (A)   delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B)   leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)(A). Florida law requires service of process on an individual by "delivering a copy of [the summons and complaint] to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." § 48.031(1)(a), Fla. Stat. (2019).

## DISCUSSION

The Motion does not discuss the propriety of service against Defendant Jessica Scott. There are two separate returns of service filed for her. Docket entry 17 and the return receipt attached to the Motion itself, appear to reflect service addressed to "Attorney General of Florida, Jessica Scott" by the U.S. Marshal on "Paula Trip, Paralegal" dated May 28, 2026. (Doc. 17). This entry, however, is identical to docket entry 20 which reflects service on non-party Office of the Attorney General, not Jessica Scott individually. (Doc. 20). Docket entry 19 reflects that the summons was returned unexecuted on "Jessica Scott." (Doc. 19). The attached receipt reflects two attempts to serve her at the Florida Department of Children and Families, but that a "supervisor stated that the listed defendant does not exist nor employed (sic)." (Doc. 19). The Motion does not explain this inconsistency or otherwise argue that service was proper.

On June 30, 2026, an attorney specially appeared on behalf of the Attorney General and noted in a footnote that "Defendant, Jessica Scott, is not employed by non-party State of Florida Office of the Attorney General. Therefore, any purported service of Ms. Scott at the office of the OAG is invalid." (Doc. 21). Plaintiff responded and admitted that service on Ms. Scott was improper, but requests additional time to accomplish service. (Doc. 25). Although Plaintiff's request was not submitted in a properly filed motion, the Court will grant her additional time to serve Ms. Scott.

**DONE** and **ORDERED** in Orlando, Florida on July 13, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties